# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 15-106V
**Filed: April 7, 2016**

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*　　UNPUBLISHED

SHANNON APODACA,　　　　　　\*

　　　　　　　　　　　　\*　　　Special Master Gowen

　　　　　　　Petitioner,　　\*

　　　　　　　　　　　　\*　　　Joint Stipulation on Damages;
v.　　　　　　　　　　　\*　　　Influenza ("Flu") Vaccine;
　　　　　　　　　　　　\*　　　Tetanus-Diphtheria-acellular
SECRETARY OF HEALTH　　　　\*　　　Pertussis ("TDaP"); Nerve Damage;
AND HUMAN SERVICES,　　　　\*　　　Brachial Neuritis; Brachial Plexus
　　　　　　　　　　　　\*　　　and Shoulder Injury; Chronic
　　　　　　　Respondent.　\*　　　Myofascial Parascapular Pain;
　　　　　　　　　　　　\*　　　Depression; Anxiety.

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

Mark T. Sadaka, Mark T. Sadaka, LLC, Englewood, NJ, for petitioner.
Julia W. McInerny, United States Department of Justice, Washington, DC, for respondent.

### DECISION ON JOINT STIPULATION[1]

  On February 2, 2015, Shannon Apodaca ("petitioner") filed a petition pursuant to the National Vaccine Injury Compensation Program.[2] 42 U.S.C. §§ 300aa-1 to -34 (2012).  Petitioner alleged that an influenza ("flu") vaccine and a Tetanus-Diphtheria-acellular Pertussis ("TDaP") vaccine administered on October 3, 2012, caused-in-fact and/or significantly aggravated nerve damage, brachial neuritis, brachial plexus and shoulder injury, chronic myofascial parascapular pain, depression, and anxiety. Stipulation ¶ 2, 4, filed Apr. 4, 2016.  Further, petitioner alleged that

---

[1] Because this decision contains a reasoned explanation for the undersigned's action in this case, the undersigned intends to post this ruling on the website of the United States Court of Federal Claims, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). As provided by Vaccine Rule 18(b), each party has 14 days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b).

[2] The National Vaccine Injury Compensation Program is set forth in Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755, codified as amended, 42 U.S.C. §§ 300aa-1 to -34 (2012) (Vaccine Act or the Act). All citations in this decision to individual sections of the Vaccine Act are to 42 U.S.C.A. § 300aa.

she experienced residual effects of her injury for more than six months. <u>Id.</u> at ¶ 4.

On April 6, 2016, the parties filed a stipulation in which they state that a decision should be entered awarding compensation. Respondent denies that petitioner's alleged injuries and residual effects were caused and/or significantly aggravated by the flu and TDaP vaccinations she received. <u>Id.</u> at ¶ 6.  Nevertheless, the parties agree to the joint stipulation, attached hereto as Appendix A. The undersigned finds the stipulation reasonable and adopts it as the decision of the Court in awarding damages, on the terms set forth therein.

The parties stipulate that petitioner shall receive the following compensation:

**A lump sum of $85,000.00, in the form of a check payable to petitioner, Shannon Apodaca. This amount represents compensation for all damages that would be available under 42 U.S.C. § 300aa-15(a).**

<u>Id.</u> at ¶ 8.

The undersigned approves the requested amount for petitioner's compensation. Accordingly, an award should be made consistent with the stipulation.

The clerk of the court **SHALL ENTER JUDGMENT** in accordance with the terms of the parties' stipulation.[3]

**IT IS SO ORDERED.**

**s/ Thomas L. Gowen**
Thomas L. Gowen
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment is expedited by the parties' joint filing of notice renouncing the right to seek review.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | | |
|---|---|---|
| SHANNON APODACA, | ) | |
| | ) | ECF |
| Petitioner, | ) | No. 15-106V |
| v. | ) | Special Master Gowen |
| | ) | |
| | ) | |
| SECRETARY OF HEALTH | ) | |
| AND HUMAN SERVICES, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

## STIPULATION

The parties hereby stipulate to the following matters:

1. Shannon Apodaca ("petitioner") filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 to 34 (the "Vaccine Program"). Petitioner seeks compensation for injuries allegedly related to the receipt of influenza ("flu") and tetanus-diphtheria-acellular pertussis ("Tdap") vaccines, which are contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3(a).

2. Petitioner received the flu and Tdap vaccinations on October 3, 2012.

3. The vaccines were administered within the United States.

4. Petitioner alleges that the flu and/or Tdap vaccinations caused and/or significantly aggravated nerve damage, brachial neuritis, brachial plexus and shoulder injury, chronic myofascial parascapular pain, depression, and anxiety. Petitioner further alleges that she experienced the residual effects of her injury for more than six months.

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages as a result of her condition.

6. Respondent denies that petitioner's alleged injuries and residual effects were caused-in-fact and/or significantly aggravated by the flu and/or Tdap vaccines. Respondent further denies that the flu and/or Tdap vaccines caused and/or significantly aggravated any other injury or petitioner's current condition.

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation payment:

> A lump sum of $85,000.00 in the form of a check payable to petitioner. This amount represents compensation for all damages that would be available under 42 U.S.C. §300aa-15(a).

9. As soon as practicable after the entry of judgment on entitlement in this case, and after petitioner has filed both a proper and timely election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), and an application, the parties will submit to further proceedings before the special master to award reasonable attorneys' fees and costs incurred in proceeding upon this petition.

10. Petitioner and her attorney represent that they have identified to respondent all known sources of payment for items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), including State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or entities that provide health services on a pre-paid basis.

2

11. Payments made pursuant to paragraphs 8 and 9 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

12. The parties and their attorneys further agree and stipulate that, except for any award for attorney's fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

13. In return for the payments described in paragraphs 8 and 9, petitioner, in her individual capacity, and on behalf of her heirs, executors, administrators, successors and/or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the flu and/or Tdap vaccines administered on or about October 3, 2012 as alleged by petitioner in a petition for vaccine compensation filed on or about February 2, 2015 and amended on April 21, 2015, in the United States Court of Federal Claims as petition No. 15-106V.

14. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

3

15. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

16. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended, except as otherwise noted in paragraph 9 above. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflect a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

17. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu and/or Tdap vaccines caused and/or significantly aggravated petitioner's alleged nerve damage, brachial neuritis, brachial plexus or shoulder injury, chronic myofascial parascapular pain, depression, and anxiety or any other injuries or her current condition.

18. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

4

Respectfully submitted,

PETITIONER:

SHANNON APODACA

ATTORNEY OF RECORD FOR
PETITIONER:

MARK T. SADAKA, ESQ.
SADAKA & ASSOCIATES, LLC
155 North Dean Street, 4th Floor
Englewood, NJ 07631
(201) 266-5671

AUTHORIZED REPRESENTATIVE
OF THE ATTORNEY GENERAL:

VINCENT J. MAZANOSKI
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE
OF THE SECRETARY OF HEALTH
AND HUMAN SERVICES:

NARAYAN NAIR, M.D.
Acting Director, Division of Injury Compensation
Programs (DICP)
Healthcare Systems Bureau
Health Resources and Services Administration
U.S. Department of Health and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 08N146B
Rockville, MD 20857

Dated: 3.29.16

ATTORNEY OF RECORD FOR
RESPONDENT:

JULIA W. MCINERNY
Senior Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 353-3919

5